■ CAROL HOLMES, Respondent, v HAROLD HOLMES, Appellant.—In an action to enforce the support provision of a judgment of divorce, the defendant husband appeals from so much of an order of the Supreme Court, Orange County

(Nastasi, J.), entered August 31, 1984, as denied his cross motion to dismiss the action.

Order reversed insofar as appealed from, on the law, without costs or disbursements, motion granted, and action dismissed.

The plaintiff wife seeks to enforce the provision of a divorce judgment which imposed upon defendant the duty to provide $100 per week in child support, in accordance with an order of the Family Court, Orange County. Defendant contends that plaintiff, having admittedly applied for and received financial assistance from the Orange County Department of Social Services, assigned her right to collect support from him, pursuant to Social Services Law § 348 (2). The department brought numerous enforcement proceedings in Family Court in plaintiff's name, and that court on several occasions modified the orders downward. The last such order entirely suspended defendant's current support obligations.

Although plaintiff's assignment to the Orange County Department of Social Services terminated when her case was closed (see, Social Services Law § 348 [3]), at the time of said termination, there was no outstanding order which imposed upon defendant a current obligation to continue to support his minor children. Thus, there could be no accrual of arrears to which plaintiff would be entitled pursuant to Social Services Law § 348 (3).

Hence, Special Term erred in denying defendant's cross motion to dismiss the action, as there were no outstanding issues of fact. Plaintiff is, of course, free to apply for a modification of the outstanding Family Court order suspending defendant's obligation in order to impose upon him a continuing obligation to contribute to the support of his minor children. Thompson, J. P., Brown, Weinstein and Kunzeman, JJ., concur.